UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-cv-67-MOC

| | |
|---|---|
| ALBA RIO L. MARINO, )<br>HERALD B. LUCERO VALLE, )<br>)<br>    **Plaintiffs, pro se,** )<br>)<br>vs. )<br>)<br>UR M. JADDOU, Director of U.S. )<br>Citizenship and Immigration Services, )<br>LAURA B. ZUCHOWSKI, Director )<br>of Vermont Service Center of U.S. )<br>Citizenship and Immigration Services, )<br>)<br>)<br>    **Defendants.** )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on Defendants' motion to dismiss. (Doc. No. 5). Plaintiffs responded in opposition, Defendants filed a reply, and Plaintiffs filed a surreply. (Doc. Nos. 8, 9, 12). This matter is now ripe for disposition.

**I.  Background**

Plaintiffs are a married couple who live in Matthews, North Carolina. Plaintiff Valle, a Honduran national, was admitted to the United States in 2004 on a B-2 visa. Plaintiff Marino, Mr. Valle's wife, is a United States citizen. Plaintiffs have two children, both U.S. citizens.

In 2007, the Government initiated removal proceedings against Mr. Valle for overstaying his B-2 visitor visa. In 2023, Mr. Valle submitted a Form I-918 petition for a nonimmigrant U visa and Form I-765 application for employment authorization. The Charlotte-Mecklenburg Police Department supported Mr. Valle's Form I-918 by certifying that he had assisted law enforcement's investigation of a crime (armed robbery) committed against him. Later that year,

1

Ms. Marino submitted a Form I-130 petition for alien relative on behalf of Mr. Valle, an important step towards obtaining his green card.

Plaintiffs complain that the United States Citizenship and Immigration Services ("USCIS") improperly withheld action on Plaintiffs' I-918, I-765, and I-130 petitions. In response, Defendants show that USCIS has in fact acted on Plaintiffs' I-918 and I-765 petitions. (Doc. No. 6 Ex. A, B). Therefore, Defendants contend, Plaintiffs' complaint as to those petitions is moot. As to Plaintiffs' I-130 petition, Defendants contend (1) that the Court lacks subject matter jurisdiction to compel agency action, and, in the alternative (2) that the delay alleged by Plaintiffs is insufficient to state a claim upon which relief can be granted.

## II.     Legal Standard

Defendants move to dismiss under FED. R. CIV. P. 12(b)(1) and 12(b)(6). Facing such motions, the Court "must draw all reasonable inferences arising from the [plaintiff's] proof, and resolve all factual disputes, in the plaintiff's favor." Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 59–60 (4th Cir. 1993).

A Rule 12(b)(1) motion requires the party asserting federal subject matter jurisdiction to prove such jurisdiction is proper. In other words, a Rule 12(b)(1) motion questions whether the plaintiff "has a right to be in the district at all and whether the court has the power to hear and dispose of [plaintiff's] claim." Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 452 (4th Cir. 2012). Ruling on a motion to dismiss for lack of standing, the Court "must construe the complaint in the plaintiff's favor, accepting as true the factual allegations in the complaint." Students for Fair Admissions, Inc. v. Univ. of N.C., 1:14CV954, 2018 WL 4688388, at *2 (M.D.N.C. Sept. 29, 2018). A district court should only grant a Rule 12(b)(1) motion to dismiss "if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as

a matter of law." Richmond, Fredericksburg, & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). To determine whether subject matter jurisdiction is proper, the Court may consider evidence beyond the pleadings. Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

A Rule 12(b)(6) motion tests whether the plaintiff "has stated a cognizable claim" and thereby challenges the "sufficiency of the complaint." Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 452 (4th Cir. 2012). In reviewing a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), the Court must accept as true all factual allegations in the Complaint and draw all reasonable inferences in the light most favorable to the plaintiff. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). However, to survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level," with the complaint having "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Id. at 679 (citations omitted).

**III.     Discussion**

Mootness and standing are conceptually distinct but functionally related. See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 190–91 (2000) (quoting Arizonans for Official English v. Arizona, 520 U.S. 43, 68 n.22 (1997)); Burke v. Barnes, 479

3

U.S. 361, 364 n.* (1987). The Constitutional standing requirements of injury, causation, and redressability emanate from Article III's limitation of the "judicial power" to "cases" and "controversies." Students for Fair Admissions, Inc. v. President & Fellows of Harvard College, 600 U.S. 181, 199 (2023) (quoting Muskrat v. United States, 219 U.S. 346, 351, 359 (1911)). Even where standing is proper, a genuine "controversy," which remains an essential ingredient of justiciability, might cease to exist. See Steffel v. Thompson, 415 U.S. 452, 459 n.10 (1974). Under such circumstances, a claim becomes moot and therefore non-justiciable. See id.; Already, LLC v. Nike, Inc., 568 U.S. 85, 91 (2013) (quoting Murphy v. Hunt, 455 U.S. 478, 481 (1982) (per curiam)).

That is what happened to Plaintiffs' I-918 and I-765 petitions here. It is telling that Plaintiffs' opposition to Defendants' motion to dismiss does not mention Plaintiffs' I-918 and I-765 petitions. Especially considering Defendants' evidence that USCIS has in fact acted on Plaintiffs' I-918 and I-765 petitions, see (Doc. No. 6 Ex. A, B), the Court concludes from Plaintiffs' silence that "the material jurisdictional facts" as to the mootness of Plaintiffs' I-918 and I-765 claims "are not in dispute and the moving party is entitled to prevail as a matter of law." Richmond, Fredericksburg, & Potomac R. Co., 945 F.2d at 768. Assuming (without deciding) that Plaintiffs had standing to bring Administrative Procedure Act ("APA"), 5 U.S.C. 706, and Mandamus Act, 28 U.S.C. § 1361, claims based on USCIS' failure to timely assess their petitions, USCIS mooted those claims by resolving the petitions in Plaintiffs' favor.[1] Plaintiffs' claims related to their I-918 and I-765 petitions will therefore be dismissed as moot

---

[1] This is not a case where USCIS's action is "capable of repetition, yet evading review." FEC v. Wis. Right to Life, Inc., 551 U.S. 449, 462 (2007). Instead, like the law student in DeFunis, Plaintiffs will "never again be required to run the gauntlet" of the I-918 and I-765 petition process, and so their challenge is "not 'capable of repetition' so far as [they are] concerned." DeFunis v. Odegaard, 416 U.S. 312, 319 (1974).

under Rule 12(b)(1).

Next, Defendants challenge Plaintiffs' I-130 claim on both jurisdiction and the merits (i.e., under both FED. R. CIV. P. 12(b)(1) and 12(b)(6)). Specifically, Defendants contend that (1) the Court lacks subject matter jurisdiction to compel USCIS to act on Plaintiffs' I-130 petition, and (2) that the delay Plaintiffs allege is insufficient to state a claim upon which relief can be granted. The Court need only address Defendants' first (jurisdictional, 12(b)(1)) argument to dispense with Plaintiffs' I-130 claim, and thus the remainder of Plaintiffs' case.

This Court—like Defendants—understands Plaintiffs to state their I-130 cause of action under the APA and Mandamus Act. See (Doc. No. 6 at 4). Under § 706 of the APA, Courts may only compel "agency action" where such action is "unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). Thus, the Supreme Court held in Norton v. Southern Utah Wilderness Alliance, a § 706 claim "can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take." 542 U.S. 55, 64 (2004) (emphasis in the original). Conversely, "where an agency is not required to do something, [courts] cannot compel the agency to act—let alone to act faster." Gonzalez v. Cuccinelli, 985 F.3d 357, 366 (4th Cir. 2021).

The standard for obtaining relief under the Mandamus Act is "essentially the same" as that for relief under the APA. Vietnam Veterans of Am. v. Shinseki, 599 F.3d 654, 659 n.6 (D.C. Cir. 2010). "To show entitlement to mandamus, plaintiffs must demonstrate (1) a clear and indisputable right to relief, (2) that the government agency or official is violating a clear duty to act, and (3) that no adequate alternative remedy exists." Am. Hosp. Ass'n v. Burwell, 812 F.3d 183, 189 (D.C. Cir. 2016). "These three threshold requirements are jurisdictional; unless all are met, a court must dismiss the case for lack of jurisdiction." Id.

5

Here, Plaintiffs cannot show that the pace at which USCIS must process I-130 petitions is a non-discretionary agency action required by law. Neither can Plaintiffs show that USCIS had a "clear duty to act" on Mr. Valle's I-130 petition within a particular timeframe. Of course, the APA's provision that federal courts "shall ... compel agency action unlawfully withheld or unreasonably delayed" applies to USCIS' adjudication of I-130 petitions. 5 U.S.C. § 706(1). But the only "unreasonable delay" cases cited by Plaintiffs deal either with non-I-130 petitions or delays far longer than the one at issue here.[2] Defendants, meanwhile, direct the Court to persuasive authority holding that USCIS is not required (i.e., has no duty) to adjudicate I-130 petitions within a time certain. See Alfassi v. Garland, 614 F.Supp.3d 1252 (S.D. Fla. 2022) (dismissing plaintiffs' APA and Mandamus Act challenges for lack of subject-matter jurisdiction where plaintiff's I-130 had been pending for two years). This Court concludes that it, like the Alfassi Court, lacks subject matter jurisdiction to review Plaintiffs' I-130 claim "in large part because there is no congressionally or administratively prescribed timeframe within which USCIS has a duty to process or adjudicate I-130 petitions." Id. at 1255. The Court must, therefore, dismiss Plaintiffs' I-130 claim under Rule 12(b)(1).

---

[2] Plaintiffs' surreply offers several cases that purportedly identify USCIS' mandatory non-discretionary duty to adjudicate I-130 Petitions within a time certain. (Doc. No. 12 at 1). But Plaintiffs' cases are inapposite. Tang v. Chertoff, 493 F. Supp. 2d 148 (D. Mass. 2007) pertained not to an I-130 Petition but an I-485 Petition. In any case, the delay in Tang was nearly four years, far longer than the delay alleged here. Gelfer v. Chertoff, No. C06-06724 WHA, 2007 WL 902382 (N.D. Cal. Mar. 22, 2007) likewise dealt with an I-485 Petition, not an I-130 Petition. Although Alsharqawi v. Gonzales, No. 3:06 CV 1165 N, 2007 WL 1346667 (N.D. Tex. Mar. 14, 2007) did in fact find jurisdiction to review the plaintiff's I-130 claim, the Court's decision was predicated on the fact that the plaintiff's I-130 Petition had been pending for nearly four years, roughly twice as long as the delay in this case. And, contrary to the Alsharqawi Court, the Southern District of Florida more recently held in Alfassi, that "there is no identifiable standard against which the Court can measure whether the agency has 'unlawfully withheld or unreasonably delayed' review." Alfassi v. Garland, 614 F. Supp. 3d 1252, 1256 (S.D. Fla. 2022) (quoting 5 U.S.C. § 706(1)).

## IV. Conclusion

Plaintiffs' I-918 and I-765 claims will be dismissed as moot under Rule 12(b)(1). Plaintiffs' I-130 claim will likewise be dismissed for lack of subject matter jurisdiction under the same Rule. Thus, Defendants' motion will be granted in its entirety.

## ORDER

**IT IS, THEREFORE, ORDERED,** that Defendants' motion to dismiss (Doc. No. 5) is **GRANTED**. This case is hereby **DISMISSED**.

Signed: August 5, 2024

Max O. Cogburn Jr
United States District Judge

7

Case 3:24-cv-00067-MOC-DCK   Document 13   Filed 08/05/24   Page 7 of 7